IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL KENNETH MOTES, JR.,
          Petitioner,

vs.                                          Case No.: 3:16cv468/MCR/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,
          Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus and supporting memorandum, filed under 28 U.S.C. § 2254 (ECF Nos. 1, 2). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 15). Petitioner responded in opposition to the motion (ECF Nos. 16, 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 15).[1]  Petitioner was charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 2010-CF-750, with one count of sexual battery with a firearm, one count of burglary of a dwelling with assault or battery, one count of aggravated assault by threat, one count of felony battery, and one count of violation of an injunction for protection against domestic violence (Ex. A at 25–26).  Petitioner was charged in Case No. 2010-CF-795 with one count of aggravated stalking (by violating an injunction or court order), and one count of contributing to the delinquency of a child by inducing an act, threat, command, persuasion, or to follow a course of conduct (*id.* at 33).  The cases were consolidated for trial.

On August 22, 2011, Petitioner entered a written plea agreement, pursuant to which Petitioner agreed to enter a "straight up" plea to reduced charges, without any

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 15) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

representations or agreement as to his sentence (Ex. A at 170–75).[2]  Petitioner expressly reserved the right to appeal the trial court's pre-trial determination that he was competent to proceed (*see id.*).  The trial court conducted a colloquy on August 22, 2011, and accepted the plea (Ex. C).  At a sentencing hearing on February 2, 2012, the court adjudicated Petitioner guilty and sentenced him to a total term of forty-five (45) years in prison (Ex. D).  The judgment rendered February 6, 2012 (Ex. A at 180–86).  On February 22, 2012, Petitioner filed a pro se combined motion to withdraw his plea and motion to appoint conflict-free counsel (Ex. B at 202–04).  The same day, Petitioner filed a pro se combined motion to correct sentencing error, pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure, and motion to appoint conflict-free counsel (*id.* at 205–09).  The trial court dismissed Petitioner's motion to correct sentencing error and denied his motion to appoint conflict-free counsel (*id.* at 212–13).  The court set a hearing on Petitioner's motion to withdraw his plea (*id.* at 210–11).  The court also relieved existing counsel from representing Petitioner and appointed different counsel (Ex. Q at 95).  Following an evidentiary

---

[2] The sexual battery charge was reduced from sexual battery with a firearm (a life felony) to sexual battery by threat of force (a first degree felony) (*see* Ex. A at 170).  The "deadly weapon" element was dropped from the aggravated assault charge (*id.*).

hearing on November 30, 2012, the court denied Petitioner's motion to withdraw his plea (Ex. E at 233–35, Ex. F).

Petitioner appealed the denial of his motion to withdraw his plea to the Florida First District Court of Appeal ("First DCA"), Case No. 1D12-1097 (Ex. G).  On December 31, 2013, the First DCA reversed, concluding that the trial court abused its discretion and should have permitted Petitioner to withdraw his plea (Ex. J).  Motes v. State, 129 So. 3d 446 (Fla. 1st DCA 2013).  The mandate issued January 28, 2014 (id.).  On July 21, 2014, Petitioner, through counsel, filed a petition for writ of prohibition in the First DCA, Case No. 1D14-3235, requesting that the First DCA prohibit the trial court from conducting further proceedings except under order from the First DCA to grant Petitioner's motion for discharge on speedy trial grounds (Ex. K).  The First DCA denied the petition on the merits on July 23, 2014 (Ex. L).  On August 7, 2014, Petitioner entered a written plea agreement, pursuant to which he agreed to enter a no contest plea to all of the charges to which he previously pled, in exchange for a total sentence of twenty (20) years in prison (Ex. M).  On August 8, 2014, the court accepted the plea and resentenced Petitioner in accordance with the plea agreement (see ECF No. 1 at 1).[3]  Petitioner did not appeal the judgment.

---

[3] Respondent did not include a copy of the resentencing judgment in the state court record; therefore, the undersigned has appended a copy to this Report and Recommendation.

On October 6, 2014, Petitioner filed a motion to mitigate sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. N). The trial court denied the motion on November 3, 2014 (Ex. P).

On September 15, 2015, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D15-4291 (Ex. Q). The First DCA denied the petition on the merits on October 2, 2015 (Ex. R). <u>Motes v. State</u>, 178 So. 3d 402 (Fla. 1st DCA 2015). The court denied Petitioner's motion for rehearing on November 13, 2015 (Ex. S).

Petitioner filed the instant § 2254 petition on September 15, 2016 (ECF No. 1). He asserts the following claim:

> Petitioner's due process rights protected under the United States and Florida Constitutions were violated by forcing Petitioner to accept a court appointed attorney and allow a continuance over Petitioner's objections and failing to properly address Petitioner's notice for expiration of speedy trial.

(ECF No. 1 at 4–6; *see also* ECF No. 2).

II.    ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 15 at 5).  Petitioner does not argue that a different trigger applies (*see* ECF No. 1 at 9; *see also* ECF No. 16), but he does argue he is entitled to federal review of his claim through the "cause and prejudice" portal and because his claim asserts a jurisdictional issue (*see* ECF Nos. 16, 18).

Petitioner's conviction became final on Monday, September 8, 2014, upon expiration of the 30-day period for filing a notice of appeal of the judgment rendered on August 8, 2014.  *See* Fla. R. App. P. 9.140(b)(3); *see also* Fla. R. Jud. Admin.

2.514(a)(1)(C) (if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).  The federal statute of limitations thus began to run on September 9, 2014, the day after the 30-day period for Petitioner to file a direct appeal expired.[4] Petitioner had one year from that date, or until September 9, 2015, to file his § 2254 petition.  *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner filed a Rule 3.800(c) motion on October 6, 2014, after **27 days** of the federal limitations period expired (Ex. N).  This was a tolling motion.  *See* <u>Rogers v. Sec'y, Dep't of Corr.</u>, 855 F.3d 1274 (11th Cir. 2017), *reh'g denied*, (11th Cir. June 30, 2017) (holding that a properly filed motion for modification of sentence under Fla. R. Crim. P. 3.800(c) is a tolling motion

---

[4] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."  Fed. R. Civ. P. 6(a); *see also* <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

under § 2244(d)(2)).  The motion was pending until November 3, 2014, the date the trial court's order denying the motion was rendered (Ex. P).[5]

On September 15, 2015, after an additional **305 days** of the federal limitations period expired, Petitioner filed a petition for writ of habeas corpus in the First DCA (Ex. Q).  The petition was pending until November 13, 2015, when the First DCA denied Petitioner's motion for rehearing (Ex. S).

The federal limitations period recommenced on November 14, 2015, and expired **33 days** later, on Monday, December 14, 2015 (**27 days + 305 days + 33 days = 365 days**).  Petitioner filed the instant § 2254 petition nine months later, on September 15, 2016.  Petitioner's habeas petition was untimely.

Petitioner contends he entitled to federal review of his federal due process claim through the "cause and prejudice" portal (*see* ECF No. 16 at 1–2).  He argues that the absence of appointed counsel in his initial collateral review proceeding enables him to overcome the time bar pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012).  The reasoning of the Martinez rule does not apply to the AEDPA's limitations period in

---

[5] The order denying Petitioner's Rule 3.800(c) motion was not appealable.  *See* Mitchell v. State, 719 So. 2d 1258 (Fla. 1st DCA 1998) (holding that a Rule 3.800(c) motion "is addressed to the discretion of the trial court; thus, an appellate court "has no jurisdiction to review the correctness of the trial court's disposition of the motion."); Edwards v. State, 53 So. 3d 1131 (Fla. 1st DCA 2011) (observing that a trial court's order denying a motion to mitigate sentence under Rule 3.800(c) is "not an appealable order").

§ 2254 cases or any potential tolling of that period.  *See* Arthur v. Thomas, 739 F.3d

611, 628–31 (11th Cir. 2014).  Therefore, Petitioner's "cause and prejudice" argument

is unavailing.

Petitioner additionally contends he is entitled to review of his federal due

process claim, because it is jurisdictional in nature (*see* ECF Nos. 16, 18).  Petitioner

provides no authority, and the court has found none, holding that the federal habeas

limitations period of § 2244(d)(1) does not apply to petitions alleging jurisdictional

defects in the state trial court.[6]  To the contrary, federal courts have dismissed as

untimely § 2254 petitions filed outside the one-year limitations period, even though

the petitions challenged the state trial courts' jurisdiction to convict and sentence the

petitioners.  *See* Griffin v. Padula, 518 F. Supp. 2d 671 (D.S.C. 2007) (dismissing

§ 2254 petition as untimely; rejecting petitioner's argument that the time limitations

of the AEDPA did not apply to his petition because his petition challenged the state

court's subject matter jurisdiction, and explaining, "there is no exception under the

AEDPA for subject matter jurisdiction claims"); *see also, e.g.*, Smith v. Jones, No.

3:14cv195/MCR/EMT, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9, 2015)

---

[6] None of the cases cited in Petitioner's replies (ECF Nos. 16, 18) stand for the proposition that the federal statute of limitations for § 2254 petitions does not apply to petitions alleging jurisdictional defects in the state trial court.

(unpublished); <u>Williams v. Jeter</u>, No. 3:12cv387/MW/EMT, 2013 WL 5496790, at *6 (N.D. Fla. Oct. 2, 2013) (same) (unpublished); <u>Joseph v. Tucker</u>, No. 4:12cv119/SPM/CAS, 2012 WL 5381513, at *1 (N.D. Fla. Nov. 1, 2012) (unpublished) (dismissing petition as untimely and finding, "There is no exception to the § 2254 time limitation for claims raising challenges to the state court's subject matter jurisdiction."); <u>Frazier v. Crews</u>, No. 2:11cv551, 2013 WL 1856507, at *4 (M.D. Fla. May 2, 2013) (unpublished) (same); <u>King v. Hetzel</u>, No. 2:10cv2701, 2013 WL 1767793, at *3 (N.D. Ala. Mar. 29, 2013) (unpublished) (same), *Report and Recommendation Adopted By*, 2013 WL 1760845 (N.D. Ala. Apr.24, 2013). Therefore, Petitioner failed to demonstrate that the jurisdictional nature of his federal due process claim provides an exception to the AEDPA's statute of limitations.

## III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, — S. Ct. —, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El, 537 U.S. at 327).  Here, Petitioner cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 15) be **GRANTED**.

2.      That the habeas petition (ECF No. 1) be **DISMISSED as untimely**.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6<u>th</u> day of September 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**